IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH A. WILLIS and DEBORAH S. WILLIS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 09-593-GPM<br>) |
| GREENPOINT MORTGAGE FUNDING, INC., | )<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Harris v. Steppig Mgmt., LLC*, Civil No. 09-456-GPM, 2009 WL 1867687, at *1 (S.D. Ill. June 25, 2009); *GE Commercial Distrib. Fin. Corp. v. Buchanan*, Civil No. 08-778-GPM, 2009 WL 909527, at *1 (S.D. Ill. Apr. 1, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). Plaintiffs Joseph A. Willis and Deborah S. Willis bring this action individually and on behalf of a putative class of similarly situated persons alleging breach of contract and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, against Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint"). Federal subject matter jurisdiction is premised on diversity pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

Under CAFA, federal courts have jurisdiction in diversity, with exceptions not at issue here,

*see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), over class actions with one hundred or more class members, *see* 28 U.S.C. § 1332(d)(5)(B), in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class or any defendant is a foreign state or a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(d)(2). In a class action in which CAFA's requirement of minimal diversity is met, a federal court has jurisdiction if, after aggregating class members' claims, more than $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(2), (d)(6). A "class action" for CAFA purposes includes putative class actions. *See* 28 U.S.C. § 1332(d)(1)(B); *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 763 n.2 (S.D. Ill. 2006). As is always the case with federal subject matter jurisdiction, the proponent of such jurisdiction, in this instance Mr. and Mrs. Willis, has the burden of proof as to jurisdiction. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09-315-GPM, 2009 WL 1972169, at *2 (S.D. Ill. July 8, 2009).

In this case Mr. and Mrs. Willis have properly alleged that the aggregate amount in controversy in this matter exceeds $5 million, and it appears from the allegations of the complaint that the proposed class contains at least one hundred members. *See* Doc. 2 ¶ 9, ¶ 31. It also appears from the allegations of the complaint that Greenpoint is a mortgage lending corporation headquartered in California, *see id.* ¶ 4, and therefore is a California citizen for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Wisconsin Knife Works*, 781 F.2d at 1282-83; *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 n.1 (S.D. Ill. June 29, 2009). However, the complaint fails to allege properly the minimal diversity of citizenship requisite for the

exercise of federal subject matter jurisdiction in diversity under CAFA. With respect to Mr. and Mrs. Willis, the complaint alleges that they reside in Troy, Illinois, while the proposed class is defined as individuals who borrowed from Greenpoint who maintain their primary residence in Illinois. *See* Doc. 2 ¶ 2, ¶ 30. Diversity of citizenship as to a natural person is established by allegations that the person is a citizen, not a resident, of a state. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). A person's state citizenship for diversity purposes is determined by the state where the person is domiciled, that is, physically present with an intent to remain in that state indefinitely. *See Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009). To establish minimal diversity of citizenship, the complaint must be amended to allege that Mr. and Mrs. Willis or at least one member of the proposed class is a citizen of a state other than California.

To conclude, Mr. and Mrs. Willis are hereby **ORDERED** to file an amended complaint in accordance with this Order not later than ten (10) days from the date of entry of this Order. Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).

**IT IS SO ORDERED.**

DATED: 8/11/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge