IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH A. WILLIS and DEBORAH S. WILLIS, husband and wife, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| vs. | )   CIVIL NO. 09-593-GPM<br>) |
| GREENPOINT MORTGAGE FUNDING, INC., | )<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the operative complaint (Doc. 6) brought by Plaintiffs Joseph A. Willis and Deborah S. Willis, husband and wife, individually, and on behalf of all others similarly situated, in this cause. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Although

the operative complaint in this case does not specify the basis asserted for the Court's subject matter jurisdiction, the Court deduces that it is diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).[1]

Under the CAFA federal courts have jurisdiction, with specified exceptions, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), as to class actions, including putative class actions, commenced on or after February 18, 2005, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1), (c)(1), (d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8), (d)(10); *Baker v. Acer Am. Corp.*, Civil No. 09-885-GPM, 2009 WL 3681865, at *1 (S.D. Ill. Nov. 3, 2009); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). It appears from the allegations of the operative complaint in this case that this is a putative class action commenced after the effective date of the CAFA in which the proposed class contains at least one hundred persons. Also, there is minimal diversity of citizenship: Plaintiffs Joseph Willis and Deborah Willis are Illinois citizens while Defendant

---

1. The fact that the operative complaint in this case does not specify the statutory basis for the Court's subject matter jurisdiction does not preclude the Court from exercising federal jurisdiction in diversity under the CAFA if the facts alleged by Plaintiffs support the exercise of such jurisdiction. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Mulvaney v. Stetson*, 470 F. Supp. 725, 730-31 (N.D. Ill. 1979). Unfortunately, as is discussed in more detail presently, Plaintiffs' operative complaint does not plead all of the facts essential to the Court's exercise of jurisdiction in diversity under the CAFA.

Greenpoint Mortgage Funding, Inc., is a corporation incorporated under New York law with its principal place of business in California and thus is a citizen of New York and California for diversity purposes. *See* 28 U.S.C. § 1332(a), (c)(1); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09-315-GPM, 2009 WL 1972169, at *2 n.3 (S.D. Ill. July 8, 2009); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at **6-7 (S.D. Ill. Nov. 22, 2006).

Unfortunately, the operative complaint in this case does not allege that an aggregate amount in excess of $5 million, exclusive of interest and costs, is in controversy in this case. Accordingly, Plaintiffs must amend their complaint to allege that the jurisdictional minimum amount for purposes of federal diversity jurisdiction under the CAFA is satisfied in this instance. The Court notes that this is the second time it has been obliged to order Plaintiffs to amend their complaint to allege properly the Court's subject matter jurisdiction in diversity under the CAFA and it is to be hoped, for Plaintiffs' sake, that this is the last time the Court will be required to do so. In general, "it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme" and "[a]t some point the train of opportunities [to plead federal jurisdiction correctly] ends." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000). If in their second amended complaint Plaintiffs fail correctly to plead the Court's subject matter jurisdiction in diversity under the CAFA, the Court will give careful thought to dismissing this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction. *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009) (dismissing a case by reason of failure by the party with the burden of proof as to federal subject matter jurisdiction to

plead such jurisdiction correctly after being afforded reasonable opportunity by the Court to do so); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009) (same); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009) (same).

To conclude, Plaintiffs are **ORDERED** to file a second amended complaint properly alleging the amount in controversy for purposes of federal subject matter jurisdiction in diversity under the CAFA not later than 12:00 p.m. on Friday, December 11, 2009. Failure by Plaintiffs to file a second amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction.[2]

**IT IS SO ORDERED.**

DATED: December 8, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a last matter, the Court notes that the jurisdictional allegations of Plaintiffs' second amended complaint in this case must be made not on "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).